UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GLORIA FELIZ-MARIE LIMON,

Petitioner,

v.

D. K. JOHNSON,

Respondent.

Case No. CV 15-07784 RSWL (RAO)

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING PETITIONER'S MOTION TO AMEND PETITION**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records and files herein, and the Magistrate Judge's Report and Recommendation. Further, the Court has reviewed Petitioner's newly-filed Petition for Writ of Habeas Corpus, which the Court construes as a Motion to Amend the original Petition. The Court has engaged in a *de novo* review of those portions of the Report to which Petitioner has objected in her Motion to Amend and has also reviewed the newly-raised ground for relief in the Motion to Amend.

The Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. Further, for the reasons discussed below, the Court denies Petitioner's Motion to Amend.

///

## I. PROCEDURAL BACKGROUND

On September 22, 2015, Petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to 28 U.S.C. § 2254 ("Petition").  (Dkt. No. 1.)  The Petition raised two grounds for relief: (1) the prosecutor failed to introduce sufficient evidence to support Petitioner's conviction for conspiracy to commit murder and robbery because no evidence showed that the alleged conspirators agreed to commit any crime; and (2) the prosecutor failed to introduce sufficient evidence to support Petitioner's conviction for kidnapping for robbery because the robbery that she committed was complete before the victim's body was moved.  (Petition at 5-6.)

Respondent filed an Answer to the Petition on December 14, 2015.  (Dkt. No. 10).  On April 11, 2016, Petitioner filed a Traverse.  (Dkt. No. 16.)

On April 14, 2016, the United States Magistrate Judge assigned to this case issued a Report and Recommendation concluding that none of Petitioner's claims warranted habeas relief and recommending dismissal of this action with prejudice.  (Dkt. No. 18.)  Petitioner was given until May 4, 2016, to file any objections to the Report.  (Dkt. No. 17.)

Following several extensions of time to file her objections, on October 21, 2016, Petitioner filed a new Petition for Writ of Habeas Corpus, which the Court construed as a Motion to Amend ("Motion to Amend").  (Dkt. No. 36).  Petitioner's Motion to Amend nominally raises two new grounds for relief: (1) a claim of judicial misconduct; and (2) an insufficiency of the evidence claim regarding her conspiracy conviction.  Respondent filed an Opposition on November 14, 2016, and lodged relevant portions of the state court records in support.  (Dkt. Nos. 38, 39.)

## II.   DISCUSSION

**A.   Petitioner's Motion to Amend is Denied**

When a *pro se* petitioner files a new habeas petition while the petitioner already has another petition pending, the district court should construe the new petition as a motion to amend the pending petition.  *See Woods v. Carey*, 525 F.3d

886, 890 (9th Cir. 2008).  "The district court then has the discretion to decide whether the motion to amend should be granted." *Id.*

Amendments to petitions for habeas corpus are governed by the Federal Rules of Civil Procedure.  *See* 28 U.S.C. § 2242 ("Application for a writ of habeas corpus . . . may be amended or supplemented as provided in the rules of procedure applicable to civil actions.").  Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings in federal habeas corpus and, in relevant part to these proceedings, states that a pleading may be amended only with the opposing party's written consent or leave of court.  Fed. R. Civ. P. 15(a)(2).  "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"  *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).  However, "[l]eave to amend need not be given if a complaint, as amended, is subject to dismissal."  *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

Because the second ground for relief in the Motion to amend -- a challenge to the sufficiency of the evidence of the conspiracy conviction -- was raised in the original Petition, the Court construes the second ground as an objection to the Report and Recommendation and addresses it below.

Because Petitioner's other claim in the Motion to Amend – a claim of judicial misconduct -- would be subject to dismissal for untimeliness and failure to exhaust, the Court denies Petitioner's Motion to Amend as futile.

*1. The New Claim of Judicial Misconduct is Untimely*

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner has one year from the date her conviction becomes final to file a federal habeas corpus petition.  28 U.S.C. § 2244(d)(1)(A).  Here, the

California Supreme Court denied Petitioner's petition for review on July 8, 2015.[1] There is no indication that Petitioner sought relief by filing a petition for writ of certiorari in the United States Supreme Court, and thus her conviction became final 90 days later, on October 6, 2015. *See Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (the direct review period includes the period that the petitioner may seek review by the United States Supreme Court). Therefore, under 28 U.S.C. § 2244(d)(1)(A), Petitioner's deadline to file a federal habeas petition was October 6, 2016. Here, Petitioner's Motion to Amend was constructively filed on October 12, 2016. Because the Motion to Amend was filed after the expiration of the limitations period, the new ground for relief asserted therein is untimely unless the new claim relates back to the claims raised in the timely-filed Petition.

A petitioner may amend her petition to include newly-exhausted claims only if they share a "common core of operative facts" with the exhausted claims in her original petition pursuant to Federal Rule of Civil Procedure 15(c). *See Mayle v. Felix*, 545 U.S. 644, 664, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005). A newly-exhausted claim does not relate back to existing claims, though, if the new claim is "supported by facts that differ in both time and type from those the original pleading sets forth." *Id.* at 650; *see also Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013) (the "time and type" requirement refers to the facts that support the grounds for relief, not the claims themselves) (citation omitted).[2]

Here, Petitioner's newly raised claim of judicial misconduct does not relate back to any of the original claims in her Petition. Petitioner's original Petition alleged claims of insufficient evidence to support her conspiracy and kidnapping convictions. (*See* Petition at 5-6.) By contrast, Petitioner's claim of judicial

---

[1] The Court takes judicial notice of the online docket of the California Supreme Court, available at http://appellatecases.courtinfo.ca.gov/. *See Harris*, 682 F.3d at 1131-32.

[2] As discussed below, Petitioner's new claim also fails because it is unexhausted.

misconduct concerns events that occurred at her preliminary hearing, in particular the dismissal of certain charges, and the later re-filing of those charges.  (*See* Mot. To Amend at 3.)  The facts underlying this newly raised claim differ significantly in both time and type from those claims alleged in the original Petition.  Accordingly, the claim of judicial misconduct does not relate back to the original claims raised in the Petition.

### 2. *The New Claim of Judicial Misconduct is Unexhausted*

In addition to being untimely, the newly-raised claim of judicial misconduct fails on exhaustion grounds.

As a matter of comity, a federal court will not grant habeas relief to a person held in state custody unless she has exhausted all available state judicial remedies on every ground presented in her habeas petition.  28 U.S.C. § 2254(b)(1)(A); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999) (stating that the exhaustion doctrine is designed to give state courts a full and fair opportunity to resolve any federal constitutional claims before they are presented to the federal courts).  To exhaust state judicial remedies, each claim must be fairly presented to and disposed of on the merits by the state's highest court.  *Rose v. Lundy*, 455 U.S. 509, 518-522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).  For a petitioner in California state custody, this generally means the petitioner must have fairly presented her claims in a petition to the California Supreme Court.  *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999).

A claim has not been fairly presented unless the petitioner describes the operative facts and federal legal theory on which the claim is based.  *See, e.g.*, *Gray v. Netherland*, 518 U.S. 152, 162-63, 116 S. Ct. 2074, 135 L. Ed. 2d 457 (1996) ("[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief."); *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) ("If state courts are to

be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.  If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.").  The petitioner bears the burden of demonstrating that she has exhausted available state remedies.  *Williams v. Craven*, 460 F.2d 1253, 1254 (9th Cir. 1972).

Here, Petitioner's judicial misconduct claim is entirely unrelated to the claims previously raised in the Petition, which were exhausted.  Further, the records of the California Supreme Court do not reflect any habeas petitions filed in that court by Petitioner and thus Petitioner's judicial misconduct claim is unexhausted, as well as untimely.

**B.    Petitioner's Objections to the Report and Recommendation**

As noted above, Petitioner raises two claims in the Motion to Amend. However, the second claim, which challenges the sufficiency of the evidence as to her conspiracy conviction, is construed as an objection to the Magistrate Judge's Report and Recommendation.  The Court has engaged in a *de novo* review of those portions of the Report to which Petitioner's objections are addressed.  The Court hereby accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.

///

///

///

///

///

///

///

///

### III.   ORDER

For the reasons set forth above, IT IS THEREFORE ORDERED that:

(1) the   Report   and   Recommendation   issued   on   April   14,   2016,   is ACCEPTED and ADOPTED;

(2) the Petition is DENIED and Judgment shall be entered dismissing this action with prejudice.

(3) Petitioner's   new   Petition   for   Writ   of   Habeas   Corpus,   construed   as   a Motion to Amend the Petition, is DENIED.


DATED:     1/5/2017                    s/ RONALD S.W. LEW
                                      RONALD S.W.  LEW
                                      UNITED STATES DISTRICT JUDGE